**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 74.]**

CLEVELAND BAR ASSOCIATION *v.* JOHNSON.

[Cite as *Cleveland Bar Assn. v. Johnson*, 1998-Ohio-448.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglecting an entrusted legal matter—Neglecting or refusing to assist in disciplinary investigation.*

(No. 97-1755—Submitted October 7, 1997—Decided February 18, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-62.

_____

{¶ 1} On August 12, 1996, relator, Cleveland Bar Association, filed a complaint alleging in Count One that in December 1993, Alan G. Hardin retained respondent, Mitchell L. Johnson of Cleveland, Ohio, Attorney Registration No. 0058430, to file a lawsuit against GPV Performance, Inc. The complaint further alleged that after respondent filed the suit in September 1994, he failed to appear at three successive pretrial conferences. As a result, the defendant moved for dismissal, and Hardin's case was dismissed without prejudice. The complaint further alleged that respondent did not inform Hardin that the case was dismissed.

{¶ 2} In Count Two, the relator alleged that respondent failed to respond to numerous attempts by relator to contact him by mail and certified mail about the Hardin matter.

{¶ 3} In Count Three of its complaint, the relator alleged that in May 1994, Lonnie and Janis Turner hired respondent to defend a lawsuit against them by Ernst & Dowling in the common pleas court. Respondent failed to file a timely answer on behalf of the Turners and failed to respond both to the plaintiff's motion for a summary judgment and its motion for default judgment. Prior to the scheduled hearing on the motion for default judgment, the court granted summary judgment for the plaintiff and against the Turners in the amount of $9,046.10.

**{¶ 4}** The relator alleged in Count Four of the complaint that respondent failed to respond to numerous attempts by relator to contact him by mail and certified mail about the Turner matter.

**{¶ 5}** Respondent failed to answer or otherwise plead to the complaint and relator filed a motion for default. The matter came before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), which found that the respondent was provided with adequate notice of the proceedings and an opportunity to plead or appear. The panel found the facts as alleged and concluded that with respect to Counts One and Three, respondent violated DR 6-101 (neglecting an entrusted legal matter) and, with respect to Counts Two and Four, respondent violated Gov.Bar R. V(4)(G) (neglecting or refusing to assist in an investigation). The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

––––––––––––––––––––

*Joseph G. Schneider* and *Erica L. Eversman,* for relator.

––––––––––––––––––––

***Per Curiam.***

**{¶ 6}** We agree with the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––––